AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Yener Guzman-Gonzalez | ) | Case No. |
|  | ) | 5:25-mj-1174-PRL |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 25, 2025__ in the county of __Lake County__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry by a Previously Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Border Patrol Agent Lacey O'Neal, CBP
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 08/26/2025

_____
*Judge's signature*

City and state: Ocala, Florida

U.S. Magistrate Judge Philip R. Lammens
*Printed name and title*

STATE OF FLORIDA                  CASE NO.  5:25-mj-1174-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS).  I have been so employed since September 7, 2003.  I am currently assigned to the Orlando, Florida Border Patrol Station.  In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code.  I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records.  Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation.  Rather, I have set forth

only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On August 25, 2025, Florida Highway Patrol (FHP) responded to the site of a multi-vehicle collision near mile marker 278 in Minneola, Florida[1]. During the traffic investigation, FHP Troopers determined that several of the individuals involved in the collision were in the country illegally and contacted the Orlando Border Patrol Station to assist. At the outset of the traffic investigation, FHP Troopers encountered another vehicle (not involved in the collision) which was parked in a position that was obstructing traffic while the occupants attempted to speak to those involved in the accident. Because this disrupted traffic and potentially endangered public safety, FHP Troopers instructed the vehicle to leave the crash site. The defendant, Yener GUZMAN-GONZALEZ, was a passenger in this vehicle.

4. The vehicle initially departed, but as the FHP Troopers continued their traffic investigation, they noticed the same vehicle loitering near the vehicle crash site on the other side of the highway despite being told to leave. Border Patrol Agents (BPAs) from the Orlando Border Patrol Station were already in the area, and the FHP Troopers requested that the

---

[1] Minneola is in Lake County, within the Middle District of Florida.

2

BPAs approach the vehicle and ascertain the occupants' identities and intentions. BPAs notified the FHP Troopers that they had a visual of the subject vehicle and pulled onto the shoulder to approach the vehicle from behind.

5. As the BPAs got closer to the vehicle with their overhead lights activated, the subject vehicle fled from the approaching BPAs heading northbound on the Turnpike. The subject vehicle fled for half a mile before stopping on the offramp of Exit 278. The moment the vehicle came to a stop, GUZMAN-GONZALEZ ran from the passenger side of the vehicle into a grassy field. The backup BPA gave chase, catching up to GUZMAN-GONZALEZ, at which time he began to resist the apprehending agent. After securing the driver of the fleeing vehicle, the primary BPA drove into the field to assist the BPA struggling with GUZMAN-GONZALEZ. Once the BPAs gained control of GUZMAN-GONZALEZ, he was placed in handcuffs and into the back of a patrol vehicle. The BPAs asked for GUZMAN-GONZALEZ's identification, and he produced an ID card from the Mexican Consulate. During the interview, agents gathered personal identifying information (name, date of birth, place of birth, etc.) from GUZMAN-GONZALEZ.

6. CBP record checks on his biographical information confirmed that GUZMAN-GONZALEZ is a citizen and national of Mexico with no lawful immigration status in the United States. He also has an alien file number which contains his immigration history. GUZMAN-GONZALEZ was placed under arrest for immigration violations and transported to the Orlando Border Patrol Station for further processing. At the station, Border Patrol Agents conducted a fingerprint comparison to GUZMAN-GONZALEZ's known fingerprints from his alien file. On August 25, 2025, the database indicated a match of the fingerprints.

7. Documents in the alien file also show that GUZMAN-GONZALEZ has been previously ordered deported/removed from the United States to Mexico by an Immigration Judge on June 21, 2007. GUZMAN-GONZALEZ was then physically deported/removed from the United States to Mexico on June 30, 2007, through Hidalgo, Texas. GUZMAN-GONZALEZ was found to be present in the United States a second time on July 11, 2007. After having his prior order of removal reinstated on July 12, 2007, GUZMAN-GONZALEZ was then physically removed from the United States to Mexico on July 13, 2007, through Nogales, Arizona.

8. There is no record of GUZMAN-GONZALEZ ever applying to or receiving consent of the Attorney General of the United States, and/or the

U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after GUZMAN-GONZALEZ's prior deportation/removal.

9. Based on the foregoing, I believe that there is probable cause that on August 25, 2025, Yener GUZMAN-GONZALEZ was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

_____
Lacey E. O'Neal,
Border Patrol Agent

*Affidavit submitted to me by electronic means and attested to me as true and accurate via video conference and/or telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this* __26th__ *day of August, 2025.*

_____
The Honorable Philip R. Lammens
United States Magistrate Judge

5